IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDRE L. HEATLEY,

    Petitioner,

v.                                          Civil Action No. 5:08CV125
                                                             (STAMP)

WARDEN JOE DRIVER,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[1] petitioner, Andre L. Heatley, filed a petition pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge James E. Seibert for an initial review and for a report and recommendation on disposition of this matter. By order dated September 18, 2008, the magistrate judge directed the respondent to show cause why the petition should not be granted. The respondent filed a combined response and motion to dismiss, or in the alternative, motion for summary judgment. In response to a Roseboro notice, the petitioner filed a motion for summary judgment. No other pleadings were filed by either party.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

Magistrate Judge Seibert entered a report recommending that the respondent's motion to dismiss be granted, and that the petitioner's motion for summary judgment be denied. The magistrate judge also recommended that the petitioner's § 2241 be denied and dismissed with prejudice in part and denied and dismissed without prejudice in part.

In his report and recommendation, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. No objections were filed.

For the reasons articulated below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Facts

This Court believes that a full recitation of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in section I of Magistrate Judge Seibert's report and recommendation. An abbreviated review of the relevant facts follows below.

The petitioner is currently serving a sentence in federal custody for 15 years to life on a conviction of murder while armed, in violation of District of Columbia Code § 22-2204, and a concurrent sentence of 5 to 15 years for possession of a firearm

during a crime of violence or dangerous offense, in violation of District of Columbia Code § 22-3204(b). In his petition, the petitioner alleges that the respondent has incorrectly calculated his eligibility for parole under the parole guidelines and have wrongfully denied him parole by failing to apply educational and industrial good time credit. The petitioner also asserts that the Commission's application of the federal parole guidelines instead of the District of Columbia Guidelines violates the Ex Post Facto Clause of the United States Constitution.

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed no objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### IV. Discussion

Because neither party has filed objections, this Court relies upon the facts and standard of review as stated by the magistrate

judge in his report and recommendation. This Court has thoroughly reviewed the record and finds no clear error in the magistrate judge's findings and recommendations. This Court agrees that the petitioner's § 2241 claims regarding the denial of parole should be denied and dismissed with prejudice because the BOP has the exclusive authority to determine parole eligibility and because the application of the federal parole guidelines does not violate the Ex Post Facto Clause. This Court also agrees with the magistrate judge's recommendation that the petitioner's § 2241 claims regarding the calculation of his sentence and the award of industrial and educational good time credits be denied without prejudice because the petitioner has failed to exhaust his administrative remedies.

V. Conclusion

This Court finds no clear error in the report and recommendation of the magistrate judge and hereby AFFIRMS and ADOPTS it in its entirety. Accordingly, the petitioner's motion for summary is DENIED, the respondent's motion for summary is GRANTED, and the petitioner's application for habeas corpus under 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE in part and DENIED and DISMISSED WITHOUT PREJUDICE in part. Specifically, the claims regarding the BOP's decision to deny the petitioner parole are DENIED and DISMISSED WITH PREJUDICE, and the claims concerning the calculation of his sentence and the award of industrial and

educational good time credits are DENIED and DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Thus, the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court. See 18 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 31, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE